| State of Alabama | STATEMENT OF CLAIM | Case |
|---|---|---|
| Unified Judicial System | (Complaint) | 43- |
| Form SM-1 (front)  Rev.3/95 | General | |

ELECTRONICALLY FILED
1/15/2010 11:56 AM
SM-2010-900018.00
CIRCUIT COURT OF
LEE COUNTY, ALABAMA
CORINNE T. HURST, CLERK

IN THE SMALL CLAIMS COURT OF   LEE
*(Name of County)*

ANDRE FIELDS                    v.   LAW OFFICES OF JAMES WEST, P.C.

**Plaintiff**                                              **Defendant**

Plaintiff's
Home Address
ANDRE FIELDS
~~[redacted]~~
OPELIKA, AL 36804

Defendant's
Home Address
LAW OFFICES OF JAMES WEST, P.C.
638 ROGERDALE ROAD
SUITE 130
HOUSTON, TX 77072

Plaintiff's Attorney's
Address
PATRICK B KENERLY
2001 PARK PLACE NORTH SUITE 825
BIRMINGHAM, AL 35203

**NOTICE TO EACH DEFENDANT – READ CAREFULLY**

YOU ARE BEING SUED IN THE SMALL CLAIMS COURT BY THE PLAINTIFF(S) SHOWN ABOVE. THE JUDGE HAS NOT YET MADE ANY DECISION IN THIS CASE, AND YOU HAVE THE RIGHT TO A TRIAL TO TELL YOUR SIDE.

HOWEVER, IF YOU, OR YOUR LAWYER, FAIL TO FILL OUT THE ENCLOSED ANSWER FORM AND DELIVER OR MAIL IT TO THE CLERK AT THE ADDRESS SHOWN BELOW, SO THAT IT WILL GET TO THE CLERK'S OFFICE WITHIN FOURTEEN (14) DAYS AFTER YOU RECEIVE THESE PAPERS, A JUDGMENT CAN BE TAKEN AGAINST YOU FOR THE MONEY OR PROPERTY DEMANDED IN THE FOLLOWING COMPLAINT, ONCE A JUDGMENT HAS BEEN ENTERED AGAINST YOU, YOUR PAYCHECK CAN BE GARNISHED AND/OR YOUR HOME OR PROPERTY SOLD TO SATISFY THAT JUDGMENT.

**COMPLAINT**

1. I claim the defendant owes the plaintiff the sum of $ __1000.00__ because:
   Violations of the FDCPA

2. Plaintiff also claims from the defendant court costs in the sum of $ __111.00__ (see note below, plus $ _____ for interest and $ __2000.00__ for lawyers' fees (only if plaintiff is represented by a licensed, practicing attorney and if the contract or note you signed so provides.)

NOTE: The total amount of court costs may be more than this amount when the case is finally settled. The clerk will inform you of any additional costs at the close of the case.

**CLERK'S ADDRESS:**
CORINNE T. HURST
104 JUSTICE CENTER
2311 GATEWAY DRIVE
OPELIKA, AL 36801

Clerk's Phone No. 334-749-7141

/s PATRICK B KENERLY
Plaintiff or Plaintiff's Attorney (Signature)
Attorney Code __KEN051__

(205) 912-8241
Plaintiff or Plaintiff's Attorney's Phone Number

Date of Filing __01/15/2010__

*(See instructions on the Back)*



ELECTRONICALLY FILED
1/15/2010 11:56 AM
SM-2010-900018.00
CIRCUIT COURT OF
LEE COUNTY, ALABAMA
CORINNE T. HURST, CLERK

IN THE SMALL CLAIMS COURT OF LEE COUNTY

| | |
|---|---|
| ANDRE FIELDS,  PLAINTIFF, | } } } |
| v. | } CASE NO.: } } |
| LAW OFFICES OF JAMES WEST, P.C.,  DEFENDANT. | } } } } |

## COMPLAINT

### *Jurisdiction*

1. The Plaintiff resides in Lee County, Alabama.

2. The Defendant conducted business in Lee County, Alabama.

3. This action is brought pursuant to the Fair Debt Collection Practices Act, 15 USC §§ 1692, *et seq* (hereinafter referred to as the "FDCPA").

4. The FDCPA provides for jurisdiction in U.S. District Courts and any other court of competent jurisdiction.

5. The conduct complained of herein occurred in the county in which this Complaint was filed.

### *Parties*

6. The Plaintiff is a consumer as defined in the FDCPA. The terms Plaintiff and consumer are used interchangeably herein.

7. The Defendant is a debt collector as defined in 15 USC § 1692a(6).

8. The Defendant is a collection agency as defined in Alabama Code §§ 40-12-1, *et seq.*

### *General Averments*

9. Alabama Code § 40-12-2(a) provides that:

> Before any person, firm, or corporation shall engage in or carry on any business or do any act for which a license by law is required, he, they, or it, except as otherwise provided, shall pay to the judge of probate of the county in which it is proposed to engage in or carry on such business or do such act, or to the commissioner of licenses or the state Department of Revenue, as specified, the amount required for such license and shall comply with all the other requirements of this title.

10. Alabama Code § 40-12-9(a) provides that:

> It shall be unlawful for any person, firm, or corporation to engage in or carry on any business, or do any act for which a license is required now or may hereafter be by law, without having first paid for and taken out a license therefor in the manner in this title provided. Any person who is convicted of failing to take out and pay for the license required shall be fined not less than the amounts of all licenses required of him and, if convicted for refusing to take out the license shall, on conviction, be fined not less than the amount of the state and county license due by him and not more than $100 in addition thereto, and may be sentenced to hard labor for the county for not more than six months, all fines to be paid in money; and, when collected, two thirds shall be paid to the state and one third to the county.

11. Alabama Code § 40-12-18 provides that:

> Any person who acts as agent for any person, firm, or corporation liable for the payment of a license or privilege tax, without said license or privilege tax having been paid, shall on conviction be fined in a sum equal to the state and county license, and not more than $100 in addition thereto, and may also be sentenced to hard labor for the county for not more than six months.

12. Alabama Code § 40-12-27 provides that:

> If the law annexes a penalty for each or every violation of its provisions, or for each separate offense, it shall be lawful to hold that each day's continuance in the exercise of any business, employment, or profession, for which a license is required, constitutes a separate offense.

13. Alabama Code § 40-12-40 provides that:

> Every person, firm, company, corporation or association, receiver or trustee, but not a governmental subdivision, engaged in any business, vocation, occupation, calling, or profession herein enumerated or who shall exercise any privilege hereinafter described for which a license or privilege tax is required shall first procure a state license, and a county license when so required, and shall pay for the same or shall pay for the exercise of such privilege the amounts hereinafter provided, and comply with all other provisions of this title.

14. Alabama Code § 40-12-80 provides that:

> Each collection agency shall pay the following license tax: In towns and cities of 20,000 or more inhabitants, $100; in towns and cities of less than 20,000 inhabitants, $25. Each person who shall employ agents to solicit claims for collection from persons, firms, or corporations in the state shall be deemed a collection agency within the meaning of this section. This section shall not apply to any person who is excluded from the definition of the term "debt collector" under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6).

15. The Defendant failed to procure a license and/or failed to pay the license tax required under Alabama law.

16. The Defendant collected a debt and/or attempted to collect a debt without first procuring a license and/or failed to pay the license tax required under Alabama law.

17. The Defendant's conduct complained of herein was frequent and/or persistent and/or intentional.

### COUNT: Fair Debt Collection Practices Act

18. The FDCPA prohibits a debt collector from communicating with a consumer[1] in connection with any debt – at any unusual time or place, unless the consumer has consented to the communication or a court has so ordered. 15 USC § 1692c(a)(1).

19. Each and every communication with the consumer without first acquiring a license and/or paying a license tax required by Alabama law was at an unusual time and/or an unusual place in that no communication should have been made at all without first acquiring said license and paying said tax.

20. The Plaintiff, who is a consumer, did not consent to said communication.

21. No court has ordered said communication.

22. The FDCPA prohibits a debt collector from communicating with a consumer[2] in connection with any debt – at a time or place known or which should be known to be inconvenient to the consumer, unless the consumer has consented to the communication or a court has so ordered. 15 USC § 1692c(a)(1).

23. Each and every communication with the consumer without first acquiring a license

---

[1] For the purpose of this paragraph, the term "consumer" is any natural person obligated or allegedly obligated to pay a debt, 15 USC § 1692a(3), including the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator. 15 USC § 1692c(d).

[2] For the purpose of this paragraph, the term "consumer" is any natural person obligated or allegedly obligated to pay a debt, 15 USC § 1692a(3), including the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator. 15 USC § 1692c(d).

and/or paying a license tax required by Alabama law was at an inconvenient time and/or an inconvenient place in that no communication should have been made at all without first acquiring said license and paying said tax.

24. The Plaintiff, who is a consumer, did not consent to said communication.

25. No court has ordered said communication.

26. The FDCPA prohibits a debt collector from engaging in any conduct the natural consequence of is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 USC § 1692d.

27. Each and every communication with the Plaintiff without first acquiring a license and/or paying a license tax required by Alabama law harassed and/or oppressed and/or abused a person, namely the Plaintiff, in that in that no communication should have been made at all without first acquiring said license and paying said tax.

28. The FDCPA prohibits a debt collector from using criminal means or threatening the use of criminal means to harm the physical person, reputation, or property of any person. 15 USC § 1692d(1).

29. Each and every time the Defendant carried on any business and /or did any act without first acquiring a license and paying the license tax it was a crime punishable by fines and "hard labor ... for the county." Alabama Code § 40-12-9(a). The carrying on of business was a criminal means for the purposes of the FDCPA. Each and every act of the Defendant within the jurisdiction was a criminal means for the purposes of the FDCPA.

30. The Defendant threatened to harm the Plaintiff's reputation by making an adverse report to credit reporting agencies and /or the Defendant threatened to harm the Plaintiff's property by taking Plaintiff's money without first acquiring a license and paying the license tax

as required under Alabama law.

31. To attempt to collect a debt without first acquiring a license and paying the license tax as required under Alabama law is a criminal means.

32. The FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 USC § 1692e.

33. While attempting to collect a debt and/or while collecting a debt, the Defendant communicated that it was a debt collector when, in fact, it had not first acquired a license and paid the license tax required under Alabama law to be a collection agency/debt collector.

34. The FDCPA prohibits a debt collector from representing or even implying that it is vouched for, bonded by, or affiliated with the United States or any State and a debt collector cannot use any badge or uniform of the United States or any state. 15 USC § 1692e(1).

35. The Defendant implied that it was vouched for (to the extent that licensing is vouching) by the State of Alabama when, in fact, it was not.

36. The FDCPA prohibits a debt collector from the false representation of any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. 15 USC § 1692e(2)(B).

37. The Defendant falsely represented that it was providing the service of debt collection when it has not first acquired a license and/or paid the license fee required to be a collection agency/debt collector under Alabama law.

38. The FDCPA prohibits a debt collector from threatening any action that cannot legally be taken or that is not intended to be taken. 15 USC § 1692e(5).

39. The Defendant threatened to collect a debt when the act of collecting a debt could not legally be taken. It was not a legal action for the Defendant to act as a collection agency/debt

collector without first acquiring a license and paying a license tax as required by Alabama law.

40. The FDCPA prohibits a debt collector from using or distributing any written communication which simulates or falsely represents a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization or approval. 15 USC § 1692e(9).

41. The Defendant used and/or communicated a written communication which falsely represented it was authorized and/or approved by the State of Alabama to the extend that licensing authorizes and/or approves a business to operate within its jurisdictional boundaries when it did not first acquire a license and pay a license tax as required by Alabama law.

42. The FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt. 15 USC § 1692e(10).

43. While collecting a debt and/or attempting to collect a debt, the Defendant falsely represented that it was a collection agency/debt collector without first acquiring a license and paying the license tax required by Alabama law.

44. While collecting a debt and/or attempting to collect a debt, the Defendant used the deceptive means of representing that it was a collection agency/debt collector without first acquiring a license and paying the license tax required by Alabama law.

45. The FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt. 15 USC § 1692f.

46. Each and every act to collect a debt and/or to attempt to collect a debt without first acquiring a license and/or paying a license tax required by Alabama law was unfair.

47. Each and every act to collect a debt and/or to attempt to collect a debt without first acquiring a license and/or paying a license tax required by Alabama law was unconscionable.

48. The debt collector's conduct was persistent and was a part of an on-going pattern and/or practice of repeated, wrongful conduct by the debt collector during and beyond the statute of limitations.

WHEREFORE, BASED ON THE FOREGOING, the Plaintiff demands judgment against each named Defendant, separately and severally:

A. Any actual damage sustained by the Plaintiff;

B. Any additional damages as the court may allow, but not exceeding $1,000, 15 USC § 1692k(2)(A);

C. The costs of the action, together with a reasonable attorney's fee as determined by the court.


/s/ Patrick B. Kenerly
_____
Blankenship, Harrelson & Linton, LLC
2001 Park Place North, Ste 825
Birmingham, AL 35203
Phone: (205) 912-8241
Facsimile: (205) 912-8253
Email: patrick.kenerly@bhlattorneys.com


/s/ Christopher S. Linton
_____
Blankenship, Harrelson & Linton, LLC
2001 Park Place North, STE 825
Birmingham, AL 35203


/s/ Brandon L. Blankenship
_____
Blankenship, Harrelson & Linton, LLC
2001 Park Place North, STE 825
Birmingham, AL 35203

M12461_15_January_2010