IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Civil Action No. |
| LAW OFFICES OF JAMES WEST, P.C., | ) | 3:10cv90-WHA |
| | ) | (wo) |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. FACTS AND PROCEDURAL HISTORY**

This cause is before the court on a Motion for Sanctions filed by James A. West, P.C. (Doc. #17). The Plaintiff, Andre Fields ("Fields"), originally filed a Complaint in small claims court of Lee County, Alabama. In the Complaint, Fields identified FDCPA subsections regarding inconvenient communications, harassment, false/misleading representations, and unfair or unconscionable means, based on the allegation that the Defendant communicated with a consumer about a debt without first paying a license tax under Alabama law. The case was removed to federal district court on the basis of federal question jurisdiction on February 3, 2010.

On February 8, 2010, counsel for the Defendant, Law Offices of James West, P.C. ("West"), sent a letter to Fields' counsel, attaching a motion to dismiss, and alerting Fields and his attorney that West would seek sanctions if Fields did not voluntarily dismiss the Complaint. On the same day, West moved to dismiss the Complaint on the basis that there can be no claim for violation of the FDCPA for failure to pay the Alabama license fee identified in the Complaint.

On April 1, 2010, Judge Coogler decided *Spencer v. Central Credit Service*, 7:10cv64-LSC (N.D. Ala. April 1, 2010), in which he granted a motion to dismiss a complaint also alleging FDCPA violations for failure to register as a debt collection agency under Alabama law.

On April 7, 2010, Fields filed a Motion to Dismiss on the basis of the *Spencer* decision, which this court granted.  The Defendant moved for sanctions on April 27, 2010.  The Motion seeks sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, the FDCPA, 15 U.S.C. § 1692, or the court's inherent power.

## II.  DISCUSSION

As stated above, Defendant West seeks sanctions pursuant to several different statutes. One of those statutes, 15 U.S.C.A. § 1692k, provides as follows:

> On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

West also relies on 28 U.S.C. § 1927.  "To justify an award of sanctions pursuant to section 1927, an attorney must engage in unreasonable and vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir.2003).

Finally, "three types of conduct warrant Rule 11 sanctions: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003). The standard for testing conduct under Rule 11 is reasonableness under the

circumstances. *Id.*

There is no evidence of Fields having filed the instant case in bad faith or for other improper purpose. The court also cannot agree with West's argument that the Complaint was filed based on a legal theory that had no reasonable chance of success and cannot be advanced as a reasonable argument to change existing law. Fields conceded the correctness of Judge Coogler's decision in *Spencer* and voluntarily dismissed the case. Up to that point, there had not been a federal case which had applied Alabama licensing law in the context of a claimed FDCPA violation.

After the Complaint in the instant case was filed, the Eleventh Circuit determined that a violation of Florida state licensing law is not *per se* a violation of the FDCPA, but also determined, pointing to decisions from other circuits, that collection activities that use false, deceptive, or misleading representations, including the threat to take any action that cannot legally be taken under state law, can constitute a violation of the FDCPA. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192-93 (11th Cir. 2010). The Alabama cases relied on by West, including *Sunflower Lumber Co. v. Turner Supply Co.*, 48 So. 510 (Ala. 1909), are a basis for distinguishing Alabama law from the law in other states, for purposes of establishing a FDCPA violation. Therefore, the court concludes that Fields' claims, while ultimately not meritorious, are not sanctionable under Rule 11, the statutes cited, or this court's inherent authority.

### III.  CONCLUSION

For the reasons discussed, the Motion for Sanctions (Doc. #17) is due to be and is hereby ORDERED DENIED.

Done this 4th day of June, 2010.

                                          /s/ W. Harold Albritton
                                          W. HAROLD ALBRITTON
                                          SENIOR UNITED STATES DISTRICT JUDGE